UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 3:05-CR-00150

UNITED STATES OF AMERICA                                             PLAINTIFF

v.

MARCO ANTONIO CHAVEZ                                                DEFENDANT

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court upon Defendant's Motion to Return Money and/or Property (DN 44). Government has responded (DN 45). This motion is now ripe for adjudication. For the reasons that follow, this motion is DENIED.

**BACKGROUND**

In November of 2005, following a search warrant executed by the Drug Enforcement Administration (DEA) and local law enforcement officials in Louisville, Kentucky, Defendant Marco Antonio Chavez was arrested on a drug distribution charge. He was later indicted on two criminal charges, possession with intent to distribute five (5) kilograms or more of cocaine (Count One) and possession of a firearm in furtherance of a drug trafficking crime (Count Two). DN 7. The forfeiture count of the indictment, Count Three, pertained to a handgun seized during the search. Later in the proceedings, Government filed Bills of Particulars detailing seizure of two pieces of real property as well as personal property belonging to Chavez, specifically a number of items of jewelry. DN 16; DN 19. Chavez entered a guilty plea on March 19, 2007. Count Two was dropped as a condition of the agreement.

Appropriate notices were dispensed detailing Government's intent to forfeit a number the items seized during the investigation, including eleven items of jewelry and the seized handgun.

Chavez filed a timely claim that petitioned for the return of seven pieces of jewelry; he did not however address the remaining jewelry or the firearm. Regarding the items Chavez claimed, Government returned three pieces of jewelry and in exchange Chavez withdrew his claims to the four other items of jewelry. DN 37. The unclaimed jewelry and firearm were subsequently forfeited.

Chavez now moves the Court, *pro se*, to return his property because Counts Two and Three of the criminal indictment were dismissed. He does not describe to what particular property he believes he is entitled or the legal basis upon which this request predicated.

## ANALYSIS

A close review of the record indicates that Chavez's motion is without merit. First, assuming that Chavez is petitioning for the return of the seized handgun, he agreed to the item's forfeiture in his plea agreement of March 19, 2007. He is also a convicted felon now and thus can no longer legally possess a handgun. Finally, Chavez's implied assertion that the dismissal of Count Two restores his rights to the firearm is incorrect; this Court is unaware of any legal precedent supporting this argument.

With regard to the other items, Chavez consented to the forfeiture of four of the seven pieces of jewelry he originally claimed. He further received notice of the forfeiture of the other seized items and failed to file a timely claim. Consequently, Chavez has waived his right to claim those items.

Lastly, Chavez's motion does not fall within the narrow circumstances where this Court may exercise jurisdiction over an agency forfeiture. Typically a federal district court may review an agency forfeiture where "the agency refuses to consider a request that it exercise its discretion" or "to prevent manifest injustice." *United States v. Eubanks*, 169 F.3d 672, 674 (11th

Cir. 1999) (citing *Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00)*, 901 F.2d 1540, 1543 (11th Cir. 1990)).[1] In the latter circumstance, "[t]he decision to exercise equitable jurisdiction is highly discretionary and must be exercised with caution and restraint." *Id*. After scrutinizing the facts of this matter, the Court feels that the forfeiture procedure in Chavez's case was fair and equitable. He was provided an opportunity to claim the property seized by authorities and he accepted the forfeiture of several items as a condition of his plea agreement. Government also returned several items of Chavez's personal property in exchange for his agreement not to object to the forfeiture proceedings. Moreover, the documents outlining the proposed forfeitures, which Chavez and his counsel executed, are concise and unambiguous. DN 45-2; DN 45-3. These facts do not demonstrate that Chavez has been the victim of manifest injustice. Accordingly, the Court will not interfere with the completed forfeiture procedure.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion is DENIED.

---

[1] As Chavez's complaint does not allege that the DEA refused to consider its own discretion, the Court only analyzes whether the forfeiture procedure is manifestly unjust.